UNITED STATES DISTRICT COURT        C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SEKOU BEY,                                                   :
                                                             :
                              Plaintiff,                     :   **MEMORANDUM AND ORDER**
                                                             :
             - against -                                     :   16 Civ. 4245 (BMC) (PK)
                                                             :
BANK OF AMERICA,                                             :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X

**COGAN,** District Judge.

*Pro se* plaintiff Sekou Bey filed the above-captioned action alleging violations of the Fair Credit Reporting Act ("FCRA" or "the Act"), 15 U.S.C. § 1681, *et seq*. By Order entered August 11, 2016, the Court granted plaintiff's request to proceed *in forma pauperis,* but dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and gave plaintiff 20 days leave to file an amended complaint. Plaintiff's Amended Complaint was received on August 23, 2016. As the Amended Complaint fails to cure the deficiencies in the original complaint, the action is hereby dismissed with prejudice.

The original complaint alleged that Bank of America obtained plaintiff's consumer credit report from credit reporting agency Experian on April 27, 2016, with no permissible purpose, in violation of Section 1681b of the FCRA. It alleged: "Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Bank of America. At no time did Plaintiff give her consent for Defendant Bank of America, to acquire her consumer credit report from any credit reporting agency." The complaint further alleged that "Plaintiff has suffered an unwarranted invasion of her privacy,

which may expose her to additional improper uses of the credit report or her personal identification information." The complaint sought statutory and punitive damages and attorney's fees, and costs pursuant to 15 U.S.C. § 1681n. However, the body of the complaint included incorrect references to the names of plaintiff and defendant, perhaps an unintentional reference to a similar, but apparently unrelated, case filed in this Court and recently dismissed. See Campbell v. Conserve Accounts Receivable Management, No. 16-CV-2072, slip op. (E.D.N.Y. Aug. 24, 2016).

As the Court explained in its August 11, 2016, Order, "[t]o state a claim based on Section 1681b of the FCRA, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent." Betz v. Matte, No. 12-CV-5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (internal citation omitted); Braun v. United Recovery Sys., LP, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014) (quoting Perl v. Am. Express, No. 12 Civ. 4380, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) and collecting cases). Section 1681n of the Act provides for actual or statutory damages for *willful* violations of the FCRA's requirements, while Section 1681o provides for actual damages, but not statutory damages, for a *negligent* failure to comply.

The Court found that plaintiff failed to show that defendant acted willfully or negligently, and an unintentional violation of the requirements of the FCRA does not impose liability under § 1681o. See Perl v. Am. Express, No. 11 Civ. 6899 KBF, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (*sua sponte* dismissing complaints under the FCRA where the allegations demonstrated a pattern of conduct, but failed to provide enough factual content to allow the court to draw the reasonable inference that the alleged violation was willful); Braun, 14 F. Supp. 3d at 166-67. In light of plaintiff's *pro se* status, the Court granted plaintiff leave to amend her

complaint to plead facts that would establish the requisite state of mind to confer liability on defendant, and, to the extent that she intends to assert claims for defendant's negligent conduct under § 1681o, to assert actual damages.

The Amended Complaint corrects the improper references to the unrelated plaintiff and defendant, removes the word "willful," from Count III, and requests damages of $4500, but with no description of any actual damages suffered. It also attaches copies of correspondence with the defendant, including a letter dated July 5, 2016, in which Bank of America states that it "notified the appropriate consumer reporting agencies and asked them to remove the inquiry that posted to your credit file on April 27, 2016." In all other respects, it appears to be identical to the original complaint.

The Amended Complaint therefore fails to correct the deficiencies of the original complaint. It does not include any facts, as opposed to conclusions, to support the claim that the defendant acted willfully, as is required to impose liability under Section 1681n. Nor does it allege facts that suggest that defendant acted negligently and that plaintiff suffered actual damages, as would be required to impose liability under Section 1681o.

## **CONCLUSION**

The above-captioned action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully requested to enter judgment. The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                         _____
                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       August 25, 2016